UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERARD CASTRY** : | Case Number |
|     Plaintiff : | |
| : | |
|     vs. : | |
| : | |
| **TRANS UNION, LLC** : | **CIVIL COMPLAINT** |
|     & : | |
| **EXPERIAN INFORMATION** : | |
| **SOLUTIONS, INC.** : | |
|     & : | |
| **U.S. BANK, N.A.** : | |
|     Defendants : | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Gerard Castry, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Gerard Castry, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act, as well as for relief from Defamation of Character.

### II. JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff, Gerard Castry (hereinafter referred to as "Plaintiff") is an adult natural person residing at 98 Salford Way, Telford, Pennsylvania 18969.

1

5. Defendant, Trans Union, LLC (hereafter, Defendant Trans Union), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6. Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

7. Defendant, U.S. Bank, N.A. (hereinafter referred to as "Defendant U.S. Bank"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 800 Nicollet Mall, Minneapolis, Minnesota 55402.

## IV. FACTUAL ALLEGATIONS

8. In or around early 2017, it was discovered by Plaintiff that Defendant U.S. Bank was inaccurately furnishing credit data regarding an alleged account of Plaintiff on Plaintiff's credit reports as published by Defendants Trans Union and Experian.

9. The information furnished by Defendant U.S. Bank as to alleged account number 00015751430****, and published by Defendants Trans Union and Experian, is inaccurate in that this account actually does not belong to the Plaintiff.

10. The information furnished by Defendant U.S. Bank, and published by Defendants Trans Union and Experian, is inaccurate in that Plaintiff has never had any balance owed to Defendant U.S. Bank.

11. In fact, Plaintiff has never had nor applied for any account with Defendant U.S. Bank, nor has Plaintiff ever done any business with Defendant U.S. Bank.

12. In or around June 2017, Plaintiff disputed the accuracy of the trade line of Defendant U.S. Bank with Defendants Trans Union and Experian.

13. In his disputes, Plaintiff advised Defendants Trans Union and Experian that their credit reporting as to this alleged account was inaccurate.

14. Defendants Trans Union and Experian each acknowledged receipt of Plaintiff's above referenced disputes.

15. Upon information and belief, Defendants Trans Union and Experian each notified Defendant U.S. Bank of Plaintiff's disputes as described herein.

16. Defendants Trans Union and Experian each notified Plaintiff that this account had been "verified" and that the inaccuracies within the trade line of Defendant U.S. Bank would not be corrected.

17. Each Defendant willfully and negligently failed to employ and follow reasonable procedures to investigate Plaintiff's dispute and correct and/or delete the information appearing on his credit reports.

18. On or about August 23, 2017, Plaintiff again disputed the accuracy of the trade line of Defendant U.S. Bank with Defendants Trans Union and Experian.

19. In his disputes, Plaintiff again advised Defendants Trans Union and Experian that their credit reporting as to this alleged account was inaccurate.

20. Defendants Trans Union and Experian each again acknowledged receipt of Plaintiff's above referenced disputes.

21. Upon information and belief, Defendants Trans Union and Experian each again notified Defendant U.S. Bank of Plaintiff's disputes as described herein.

22.     Defendants Trans Union and Experian each again notified Plaintiff that this account had been "verified" and that the inaccuracies within the trade line of Defendant U.S. Bank would not be corrected.

23.     Each Defendant again willfully and negligently failed to employ and follow reasonable procedures to investigate Plaintiff's dispute and correct and/or delete the information appearing on his credit reports.

24.     On or about September 15, 2017, Plaintiff received a telephone call from Protective Services of Montgomery County, Pennsylvania Aging and Adult Services inquiring about Plaintiff's ongoing issue with Defendant U.S. Bank as described herein.

25.     Protective Services of Montgomery County, Pennsylvania Aging and Adult Services confirmed that Plaintiff's personal information had been used fraudulently, further confirming Plaintiff's previous disputes.

26.     Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

27.     As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to refrain from applying for additional credit.

28.     As of the date of the filing of this Complaint, Defendant U.S. Bank continues to furnish credit data which is inaccurate and materially misleading regarding Plaintiff, and Defendants Trans Union and Experian each continue to report said inaccurate and materially misleading credit data.

29. The Defendants acted with actual malice in willfully continuing to report inaccurate and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

30. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

31. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

32. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

33. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## COUNT I – FCRA
*Plaintiff v. All Defendants*

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. At all times pertinent hereto, Defendants Trans Union and Experian were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a (b) and (f).

36. At all times pertinent hereto, Defendant U.S. Bank was a "furnisher" within the meaning and context of the Fair Credit Reporting Act.

37. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

38. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a (d).

39. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union and Experian are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e) Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e (8).

40. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendant U.S. Bank is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

41. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against said Defendants, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1681n;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – DEFAMATION OF CHARACTER
*Plaintiff v. Trans Union, LLC and Experian Information Solutions, Inc.*

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

44. Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

45. The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

46. Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

47. The falsehoods within the trade lines of Defendant U.S. Bank constitute falsehoods concerning Plaintiff's credit history.

48. Defendants knew or reasonably should have known that the information regarding the trade line of Defendant U.S. Bank which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

49. Defendants continue to publish the false and negative information within the trade line of Defendant U.S. Bank on Plaintiff's credit history up through the present time.

50. Defendants knew that the information within the trade line of Defendant U.S. Bank on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

51. The publications of the information within the trade line of Defendant U.S. Bank on Plaintiff's credit report constitute libel per se.

52. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors,

prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

53. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against the aforementioned Defendants for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

             **Respectfully submitted,**

             **VULLINGS LAW GROUP, LLC**

**Date: October 2, 2017**      **BY:** *<u>/s/Brent F. Vullings bfv8435</u>*
             Brent F. Vullings, Esquire
             Vullings Law Group, LLC
             3953 Ridge Pike
             Suite 102
             Collegeville, PA 19426
             P: 610-489-6060
             F: 610-489-1997
             Attorney for Plaintiffs
             bvullings@vullingslaw.com